STATE OF LOUISIANA
COURT OF APPEAL
FIRST CIRCUIT

DOCKET NUMBER
2024 KA 0203

STATE OF LOUISIANA

VERSUS

RANDALL STEVEN TRANTHAM

Judgment Rendered: DEC 2 7 2024

* * * * *

ON APPEAL FROM THE
TWENTY-FIRST JUDICIAL DISTRICT COURT, DIVISION E
IN AND FOR THE PARISH OF LIVINGSTON
STATE OF LOUISIANA
DOCKET NUMBER 40,270

HONORABLE BRENDA BEDSOLE RICKS, JUDGE PRESIDING

* * * * *

Jane L. Beebe
Louisiana Appellate Project
Addis, Louisiana

Attorney for Defendant-Appellant
Randall Steven Trantham


Scott M. Perrilloux
District Attorney
Jeanne Rougeau
Assistant District Attorney
Livingston, Louisiana

Attorneys for Appellee
State of Louisiana

**BEFORE: WOLFE, MILLER, AND GREENE, JJ.**

**GREENE, J.**

The State charged the defendant, Randall Steven Trantham, by amended bill of information with second degree battery (count one), in violation of La. R.S. 14:34.1, and domestic abuse aggravated assault (count two), in violation of La. R.S. 14:37.7. The defendant pled not guilty and, after a trial, a jury convicted him as charged. The defendant filed a motion for post-verdict judgment of acquittal, a motion for new trial, and a motion in arrest of judgment, all of which the trial court denied. The trial court thereafter sentenced the defendant to consecutive terms of eight years imprisonment at hard labor on count one and five years imprisonment at hard labor on count two. Additionally, the trial court imposed a $5,000 fine on count two. The defendant now appeals, assigning error to the sufficiency of the evidence on count two and to the excessiveness of his sentences. For the following reasons, we affirm the convictions. Further, we affirm the sentence on count one, affirm in part and vacate in part the sentence on count two, and remand with instructions.

## FACTS

On October 13, 2019, the defendant severely beat Karla Maddox, his mother, at her house in Denham Springs, Louisiana. Thomas Trantham, Ms. Maddox's other son, took her to the hospital for treatment and the defendant was later arrested.

## ASSIGNMENT OF ERROR ONE

In his first assignment of error, the defendant contends the trial court erred in denying his motions for new trial and post-verdict judgment of acquittal,[1] because the evidence presented at trial was insufficient to support his domestic abuse aggravated assault conviction. Specifically, the defendant contends the State failed to prove beyond a reasonable doubt that he possessed a dangerous weapon. He does not contest the sufficiency of the evidence as it relates to his second degree battery conviction.

---

[1] In this first assignment of error, the defendant argues the trial court erred in denying his motion for post-verdict judgment of acquittal and his motion for new trial, ultimately objecting to the sufficiency of the evidence presented at trial. We note that the question of the legal sufficiency of evidence is properly raised by a motion for post-verdict judgment of acquittal, not a motion for new trial. See La. C.Cr.P. art. 821. An appellate court reviews a ruling on a motion for new trial only for errors of law. See La. C.Cr.P. 858; State v. Stalls, 2023-0829 (La. App. 1 Cir. 9/26/24), ___ So.3d ___, ___, 2024 WL 4298033, *2, n.3 (en banc). Accordingly, the only issue reviewable in this assignment of error is the constitutional sufficiency of the evidence, which was raised in the defendant's motion for post-verdict judgment of acquittal. Id.

2

A conviction based on insufficient evidence cannot stand, as it violates due process. *See* U.S. Const. amend. XIV; La. Const. art. I, §2. The standard when reviewing a claim of insufficient evidence is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the State proved the essential elements of the crime. *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *State v. Coleman*, 2021-0870 (La. App. 1 Cir. 4/8/22), 342 So.3d 7, 11, *writ denied*, 2022-00759 (La. 11/21/23), 373 So.3d 460. When a conviction is based on both direct and circumstantial evidence, the reviewing court must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence, and the facts reasonably inferred from the circumstantial evidence, must be sufficient for a rational juror to conclude beyond a reasonable doubt that the defendant was guilty of every essential element of the crime. La. R.S. 15:438; *Coleman*, 342 So.3d at 12.

Domestic abuse aggravated assault is an assault with a dangerous weapon committed by one household member or family member upon another household member or family member. La. R.S. 14:37.7(A). Parents and children are included within the statutory definition of family members. *See* La. R.S. 14.37.7(B)(1). Assault is an attempt to commit a battery, or the intentional placing of another in reasonable apprehension of receiving a battery. La. R.S. 14:36. Aggravated assault is an assault committed with a dangerous weapon. La. R.S. 14:37(A). A dangerous weapon is pertinently defined as any instrumentality, which in the manner used, is calculated or likely to produce death or great bodily harm. *See* La. R.S. 14:2(A)(3).

In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness's testimony, if believed by the trier of fact, is sufficient support for a requisite factual conclusion. *State v. Higgins*, 2003-1980 (La. 4/1/05), 898 So.2d 1219, 1226, *cert. denied*, 546 U.S. 883, 126 S.Ct. 182, 163 L.Ed.2d 187 (2005). Accordingly, on appeal, this Court will not assess the credibility of witnesses nor reweigh the evidence to overturn a factfinder's determination of guilt. *State v. Bessie*, 2021-1117 (La. App. 1 Cir. 4/8/22), 342 So.3d 17, 24, *writ denied*, 2022-00846 (La. 9/20/22), 346 So.3d 802.

At trial, Ms. Maddox testified the defendant was the youngest of her three children and that, on October 13, 2019, the defendant and his girlfriend had been staying at her (Ms. Maddox's) house for about a week. Ms. Maddox stated she and the defendant were having a casual conversation when the defendant became agitated. At that point, she told the defendant she wanted to end the conversation, and he responded: "[W]e can end the conservation and I will end you." Ms. Maddox testified the defendant then shoved her head into a kitchen cabinet, hit her six to eight times, pulled her up by her hair when she fell to the ground, kneed her in the chest, and hit her head on the island bar. She stated that, when she fell again, the defendant was on top of her and punched her several times, saying it was time for her to die. Then, the defendant opened a drawer and told her it was time for her judgment. Ms. Maddox testified she did not know what the defendant was getting out of the drawer, but she "thought [she] was going to die[.]"

Ms. Maddox testified that she then screamed for the defendant's girlfriend to help her and told the defendant she was sorry, at which point he said: "Okay; I'll put the knife down." Twenty or thirty minutes later, the defendant and his girlfriend left the house and Ms. Maddox texted her oldest son, Thomas, who picked her up and brought her to the hospital. Ms. Maddox stated that she could not see out of her right eye due to swelling and bleeding. At the hospital, Ms. Maddox was diagnosed with an orbital fracture, a hematoma, and multiple lacerations. Her right eye was swollen shut, her face was heavily bruised, and her chest was bruised from where the defendant had kneed her. On cross examination, Ms. Maddox testified she never saw the defendant holding a knife nor saw him come after her with a knife. She stated the drawer the defendant opened contained cooking utensils and a carving knife.

Thomas Trantham, the defendant's older brother, testified he was at his house when Ms. Maddox texted him a picture of her face and asked him to come get her. Mr. Trantham picked her up and took her to the hospital before calling 911. At trial, the State played a recording of the 911 call, where Mr. Trantham identifies the defendant as the person who beat Ms. Maddox.

Sergeant Sloane Erdey, a detective in the Domestic Violence Division of the Livingston Parish Sheriff's Office, testified she interviewed Ms. Maddox about four days

after the incident. Sergeant Erdey observed that Ms. Maddox's face and eye were severely bruised.

After review, we find the evidence presented at trial was sufficient to prove all elements of domestic abuse aggravated assault beyond a reasonable doubt. Ms. Maddox testified the defendant beat her before rummaging through the kitchen drawer in which cooking utensils and a carving knife were stored. After she screamed for help and apologized to the defendant, he said he would put the knife down. While the defendant notes on appeal that Ms. Maddox testified she never saw the knife in his hands or saw him approach her with the knife, it is important to consider Ms. Maddox's testimony in context with the beating she sustained. Ms. Maddox unequivocally testified she could not see out of her right eye and her face was swollen and bleeding. She could, however, hear the defendant open the kitchen drawer which held the carving knife, and she testified, at that moment, she thought she was going to die. Further, the defendant's statement to Ms. Maddox after her apology is circumstantial evidence that he indeed held a knife and decided to put it down after she apologized. Based on Ms. Maddox's testimony, we find the jury could have rationally concluded the defendant intentionally placed Ms. Maddox in reasonable apprehension of receiving a battery with a knife.

An appellate court errs by substituting its appreciation of the evidence and witness credibility for that of the factfinder and thereby overturning a verdict on the basis of an exculpatory hypothesis of innocence presented to, and rationally rejected by, the jury. *See State v. Calloway*, 2007-2306 (La. 1/21/09), 1 So.3d 417, 418 (*per curiam*). After a thorough review of the record, we are convinced a rational trier of fact, viewing the evidence presented in this case in the light most favorable to the State, could find the State proved beyond a reasonable doubt, and to the exclusion of every reasonable hypothesis of innocence, all of the elements of domestic abuse aggravated assault. Accordingly, this assignment of error is without merit.

## ASSIGNMENT OF ERROR TWO

In his second assignment of error, the defendant contends the trial court failed to justify its imposition of consecutive sentences, which resulted in an excessive aggregate sentence of thirteen years.

5

As earlier noted, the trial court sentenced the defendant to consecutive terms of eight years imprisonment at hard labor on count one and five years imprisonment at hard labor with a $5,000 fine on count two.[2] *See* La. R.S. 14:34.1(C); La. R.S. 14:37.7(C). The record reveals the defendant did not orally move for reconsideration of his sentences at the time of sentencing, nor did he file a written motion to reconsider the sentence.

Louisiana Code of Criminal Procedure article 881.1 pertinently provides:

A. (1) In felony cases, within thirty days following the imposition of sentence or within such longer period as the trial court may set at sentence, the state or the defendant may make or file a motion to reconsider sentence.

. . . .

B. The motion shall be oral at the time of sentence or shall be in writing thereafter and shall set forth the specific grounds on which the motion is based.

. . . .

E. Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.

One purpose of a motion to reconsider sentence is to allow the defendant to raise any errors that may have occurred in sentencing while the trial court still has jurisdiction to change or correct the sentence. *State v. Emerson*, 2004-0156 (La. App. 1 Cir. 10/29/04), 888 So.2d 975, 979, *writ denied*, 2005-0089 (La. 4/22/05), 899 So.2d 557. The defendant may point out such errors or deficiencies, or may present argument or evidence not considered in the original sentencing, thereby preventing the necessity of a remand for resentencing. *Id.*

The thirty-day deadline provided by La. C.Cr.P. art. 881.1(A)(1) prohibits a trial court from reconsidering a defendant's sentence once the deadline has passed. An out-of-time motion to reconsider sentence is not contemplated by the Louisiana Code of Criminal Procedure nor allowed by the jurisprudence. Likewise, a motion for appeal is not a substitute for a timely motion to reconsider sentence and does not satisfy the

---

[2] Under La. R.S. 14:34.1(C), the defendant faced a fine of not more than $2,000 on count one, but the trial court did not impose a fine on count one. We note that the lack of a fine is not inherently prejudicial to the defendant and neither the State nor the defendant raised this issue on appeal. Accordingly, we decline to remand for the imposition of the mandatory fine. *See State v. Parker*, 2023-0941 (La. App. 1 Cir. 6/27/24), 392 So.3d 652, 662; State v. Price, 2005-2514 (La. App. 1 Cir. 12/28/06), 952 So.2d 112, 124-25 (*en banc*), *writ denied*, 2007-0130 (La. 2/22/08), 976 So.2d 1277.

6

requirements of La. C.Cr.P. art. 881.1. *State v. Ybarzabal*, 2018-0555 (La. App. 1 Cir. 2/25/19), 2019 WL 926891, *4 (unpublished).

Under La. C.Cr.P. arts. 881.1(E) and 881.2(A)(1),[3] the defendant's failure to make or file a motion to reconsider sentence, or to include a specific ground upon which a motion to reconsider may be based, precludes him from raising an objection to the sentence on appeal, including a claim of excessiveness. *Ybarzabal*, 2019 WL 926891 at *4; *State v. Ferguson*, 2015-0427 (La. App. 1 Cir. 9/18/15), 181 So.3d 120, 136-37, *writ denied*, 2015-1919 (La. 11/18/16), 210 So.3d 282. Thus, herein, the defendant's failure to urge a claim of excessiveness or any other specific ground for reconsideration of the sentence by oral or written motion at the trial court level precludes our review of his claim of sentence excessiveness. *Ybarzabal*, 2019 WL 926891 at *4; *Ferguson*, 181 So.3d at 137.

## PATENT ERROR

Pursuant to La. C.Cr.P. art. 920(2), this Court routinely conducts a review of all appeals for error discoverable by mere inspection of the pleadings and proceedings and without inspection of the evidence. *State v. Anthony*, 2023-0117 (La. App. 1 Cir. 11/3/23), 378 So.3d 766, 775, *writ denied*, 2024-00027 (La. 5/21/24), 385 So.3d 242. After review of the record, we have found two patent errors.

On count two, the trial court imposed a fine of $5,000. Prior to imposing the fine, however, the trial court did not conduct a hearing pursuant to La. C.Cr.P. art. 875.1, which addresses the trial court's imposition of fines, fees, and restitution as part of sentencing. Louisiana Code of Criminal Procedure article 875.1, effective August 1, 2022, pertinently states:

> A. The purpose of imposing financial obligations on an offender who is convicted of a criminal offense is to hold the offender accountable for his action, to compensate victims for any actual pecuniary loss or costs incurred in connection with a criminal prosecution, to defray the cost of court operations, and to provide services to offenders and victims. These financial obligations should not create a barrier to the offender's successful rehabilitation and reentry into society. Financial obligations in excess of what an offender can reasonably pay undermine the primary purpose of the

---

[3] Under La. C.Cr.P. art. 881.2(A)(1), the defendant may appeal or seek review of a sentence based on any ground asserted in a motion to reconsider sentence and also may seek review of a sentence which exceeds the maximum sentence authorized by the statute under which the defendant was convicted and any applicable statutory enhancement provisions.

7

justice system which is to deter criminal behavior and encourage compliance with the law. Financial obligations that cause undue hardship on the offender should be waived, modified, or forgiven. Creating a payment plan for the offender that is based upon the ability to pay, results in financial obligations that the offender is able to comply with and often results in more money collected. Offenders who are consistent in their payments and in good faith try to fulfill their financial obligations should be rewarded for their efforts.

B. For purposes of this Article, "financial obligations" shall include any fine, fee, cost, restitution, or other monetary obligation authorized by this Code or by the Louisiana Revised Statutes of 1950 and imposed upon the defendant as part of a criminal sentence, incarceration, or as a condition of the defendant's release on probation or parole.

C.(1) Notwithstanding any provision of law to the contrary, prior to ordering the imposition or enforcement of any financial obligations as defined by this Article, the court shall conduct a hearing to determine whether payment in full of the aggregate amount of all the financial obligations to be imposed upon the defendant would cause substantial financial hardship to the defendant or his dependents. . . .

(2) The defendant or the court may waive the judicial determination of a substantial financial hardship required by the provisions of this Paragraph. If the court waives the hearing on its own motion, the court shall provide reasons, entered upon the record, for its determination that the defendant is capable of paying the fines, fees, and penalties imposed without causing a substantial financial hardship.

. . . .

G. The provisions of this Article shall apply only to defendants convicted of offenses classified as felonies under applicable law.

. . . .

In this case, the trial court did not conduct a hearing to determine whether the $5,000 fine would cause substantial financial hardship to the defendant or his dependents, nor did it waive judicial determination of such. Further, the defendant did not explicitly or implicitly waive his right to a hearing. We note the defendant failed to raise the issue of noncompliance with La. C.Cr.P. art. 875.1 in the trial court. However, based on the purpose of La. C.Cr.P. art. 875.1, as set out in subsection (A), we find the defendant need not object on the basis the trial court failed to comply with La. C.Cr.P. art. 875.1 nor need he include such a claim in a motion to reconsider sentence to preserve the matter for review on appeal. *See State v. Tucker*, 2022-735 (La. App. 3 Cir. 5/31/23), 368 So.3d 187, 201. Because the trial court failed to comply with La. C.Cr.P. art. 875.1, we vacate the $5,000 fine imposed on count two and remand the case to the trial court for a hearing in compliance with La. C.Cr.P. art. 875.1 and resentencing as to the fine.

8

*See State v. McKnight*, 2023-0886 (La. App. 1 Cir. 7/24/24), ___ So.3d ____, 2024 WL 3517629; *State v. Cormier*, 2023-24 (La. App. 3 Cir. 9/13/23), 2023 WL 5950870, *8-9 (unpublished); *State v. Smith*, 2023-263 (La. App. 5 Cir. 12/27/23), 379 So.3d 206, 214-15; *State v. Gant*, 54,837 (La. App. 2 Cir. 1/11/23), 354 So.3d 824, 832.

Additionally, the transcript reflects that, after the trial court imposed the defendant's sentences, it advised he had "two years within which to file for post-conviction relief." Generally, the prescriptive period for filing an application for post-conviction relief is two years after the judgment of conviction and sentence become final under the provisions of La. C.Cr.P. arts. 914 or 922. *See* La. C.Cr.P. art. 930.8(A). Nevertheless, the trial court's failure to correctly advise the defendant of the prescriptive period has no bearing on the sentences and is not grounds to reverse the sentences or remand for resentencing. *State v. LeBoeuf*, 2006-0153 (La. App. 1 Cir. 9/15/06), 943 So.2d 1134, 1142-43, *writ denied*, 2006-2621 (La. 8/15/07), 961 So.2d 1158. Out of an abundance of caution and in the interest of judicial economy, we advise the defendant that La. C.Cr.P. art. 930.8 generally provides that no application for post-conviction relief, including applications that seek an out-of-time appeal, shall be considered if filed more than two years after the judgment of conviction and sentence have become final under the provisions of La. C.Cr.P. arts. 914 or 922. *LeBoeuf*, 943 So.2d at 1143.

## CONCLUSION

For the foregoing reasons, we affirm the defendant's convictions. We affirm the sentence on count one. As to count two, we affirm the prison term imposed and vacate the $5,000 fine. We remand this case to the trial court for compliance with La. C.Cr.P. art. 875.1 and resentencing as to the fine imposed on count two.

**CONVICTIONS AFFIRMED; SENTENCE ON COUNT ONE AFFIRMED; SENTENCE ON COUNT TWO AFFIRMED IN PART AND VACATED IN PART; REMANDED FOR A HEARING IN COMPLIANCE WITH LOUISIANA CODE OF CRIMINAL PROCEDURE ARTICLE 875.1 AND RESENTENCING AS TO THE FINE IMPOSED ON COUNT TWO.**